**Jerry Lee CHILTON, a/k/a Karim Abdul Rahim**

v.

**Lou H. ATWOOD.**

No. 3:90–0325.

United States District Court, M.D. Tennessee, Nashville Division.

April 12, 1991.

Jerry Lee Chilton, pro se.

Stephen J. Grabenstein, Asst. Atty. Gen., for Atwood.

MEMORANDUM

JOHN T. NIXON, District Judge.

The Court is in receipt of the Report and Recommendation issued by the Magistrate in the above styled action, the plaintiff's objections, the defendants' objections thereto, and the plaintiff's opposition to the defendants' objections. Under Rule 72(b), Fed.R.Civ.P., the Court must make a de novo determination of each portion of the Report and Recommendation to which ob-

jections have been filed. For the following reasons the Magistrate's Report and Recommendation will be ADOPTED in part and REJECTED in part.

### Findings of Fact

The plaintiff, Jerry Lee Chilton (Chilton) is an inmate at the Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee. Chilton brought this action pursuant to 42 U.S.C. § 1983 alleging that the defendants interfered with his access to the Courts by not providing certain law library materials, and not providing postage stamps for the plaintiff to mail documents to the appropriate court. Complaint, Docket Entry No. 2. The named defendants are RMSI warden Michael Dutton, Associate Warden Ricky Bell, Law Librarian Dee Thompson, Assistant Librarian Renita Clompton, and Institutional Counselors Lou H. Atwood and Richard Merchant. Report and Recommendation, at 2.

Stamps are available to RMSI inmates from the prison commissary, and prisoners are allowed to place orders with the commissary once each week. Defendants' Objections to the Report and Recommendation of the Magistrate, at 2, Docket Entry No. 33; Affidavit of Defendant Lou Atwood and Attached Documents, Docket Entry No. 24. In addition to stamps, prisoners may purchase other items such as tobacco, soda, candy, pens, cookies, sausage, and petroleum jelly. Commissary Order Receipt Form, Attachment to Docket Entry No. 24. The only limit on the number of stamps which a prisoner may buy is that no single order may exceed $50.00. Although not having sufficient funds to pay for stamps could potentially pose a problem for some inmates, the plaintiff has repeatedly stated that he is not indigent, and that paying for his stamps is not a problem. See, e.g., Plaintiff's Opposition to Defendants' Objections, at 2. The record indicates that the plaintiff purchased a wide variety of items, including stamps, during the weeks immediately preceding the time covered by his complaint. Atwood Affidavit, Paragraph 9, and Attachments thereto.

The plaintiff's claim arises out of an incident that occurred on or about January 3, 1990. The plaintiff had prepared a notice of appeal which needed to be filed within a certain time period. The plaintiff had apparently run out of stamps, and believed that the time frame for filing the document would expire before he could buy more stamps from the prison commissary. He repeatedly asked Inmate Counselor Lou Atwood if she would mail the document for him and deduct the cost of postage from his inmate account, and Atwood refused. Exhibits 6 and 8, Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 28. Since the plaintiff was unable to file his notice of appeal within the required time period, the U.S. Court of Appeals for the Sixth Circuit refused to hear the appeal. *Chilton v. Hesson,* No. 90–5121 (6th Cir.1990) (unpublished order).

The Magistrate found that the plaintiff's claim based on denial of law library materials was without merit. Report and Recommendation, at 3. He found that the claim based on denial of postage contained genuine issues of material fact, and therefore that claim was viable. *Id.* at 9–12. Since he found that the defendants are protected by qualified immunity, however, the Magistrate recommended that the claims for damages be dismissed, and only the claims for declaratory and injunctive relief be permitted to go forward. Id. at 11–12.

### Conclusions of Law

a. *Standard for Summary Judgment*

The Magistrate's discussion of the appropriate standard in ruling on a summary judgment motion is hereby ADOPTED. *See* Report and Recommendation, at 5–9.

b. *Denial of Law Library Materials*

The Magistrate found that this claim was without merit and Recommended that it be dismissed. Report and Recommendation, at 3, 12. The plaintiff did not dispute this finding in his objections, and in addition the plaintiff indicated that he did not wish to appeal the defendants' resolution of a grievance he filed in connection with the

problem. Exhibit 3, Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Docket Entry No. 28. Accordingly, the Magistrate's recommendation is ADOPTED and this claim is DISMISSED.

### c. *Failure to Provide Stamps*

■ The Supreme Court has held that prisoners have a fundamental right to meaningful access to the Courts under the First Amendment to the Constitution. *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This right includes the right to have access to stamps in order to forward legal documents to the courts. *See Bounds v. Smith,* 430 U.S. at 824, 97 S.Ct. at 1496.

■ Each week the plaintiff was allowed to buy as many stamps as he wished (subject only to the fifty dollar limit), and in fact he bought several stamps in the weeks before and after the week when the problem occurred. Furthermore, the plaintiff has admitted that he had sufficient funds at all times to buy the necessary postage. Thus, the undisputed facts before the Court indicate that the plaintiff was given a reasonable opportunity to purchase stamps in order to send his legal mail, which satisfies the constitutional requirement of *Avery* and *Bounds.*

The Court is sympathetic to the fact that the plaintiff was unable to file his notice of appeal on time due to lack of postage, particularly in light of the fact that a difficulty in obtaining necessary legal materials contributed to the delay. Nevertheless, the uncontroverted facts indicate that the plaintiff had the economic means to purchase stamps, he had a reasonable opportunity to buy them each week, and the notice of appeal could have been filed on time if the plaintiff had had sufficient postage. The unfortunate reality is that the plaintiff failed to adequately plan ahead, and simply ran out of stamps. Under these circumstances, the plaintiff cannot claim that the defendants deprived him of his constitutional right of access to the Courts.

■ In arguing that defendant Atwood prevented him from filing the notice of appeal on time, the plaintiff has directed the Court's attention to Tennessee Department of Corrections Policy # 501.02(IV)B. That policy states, in relevant part:

> Indigent Inmates: Inmates who have $5.00 or less in their trust fund accounts and who have no regular source of income such as jobs, social security benefits, etc. If such an inmate has a regular source of income (e.g., a job, social security, veterans benefits, etc.) (sic), the cost of postage or photocopying may be charged to the inmate's account.

The plaintiff contends that this policy created a duty on the part of defendant Atwood to obtain the needed postage for his notice of appeal, and then deduct the cost from his prison trust fund account. Although the policy is somewhat ambiguous, the Court finds that it does not create such a duty for two separate reasons. First, this portion of the policy is designed to benefit indigent prisoners who cannot afford postage for legal materials; the Court will not extend the language to include situations like this one, where a nonindigent inmate can afford postage but simply fails to buy it at the appropriate time. Second, the policy only states that costs "may" be charged to the inmate's account, which does not qualify as the "mandatory language" that is needed to create a constitutional protection. *See Hewett v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).

In sum, the Court finds that since the plaintiff was given the opportunity to purchase large quantities of postage stamps each week, he cannot claim that the defendant's refusal to make special arrangements for him to obtain stamps violated his right of access to the Courts under *Johnson v. Avery* and *Bounds v. Smith.* Since there are no genuine issues of material fact, the Court will enter summary judgment in favor of the defendants. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (6th Cir.1986).

Accordingly, the Magistrate's Report and Recommendation is NOT ADOPTED to the

extent that it finds that the plaintiff has stated a viable cause of action for denial of access to the Courts, and it is therefore unnecessary for the Court to examine whether the Magistrate was correct in determining that the defendants are protected against an award of damages by qualified immunity.